57 F.3d 1073
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William BURCH and Maurice Harmon, Defendants-Appellants.
 Nos. 93-2565, 93-2842.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 16, 1995.
Decided June 8, 1995.
 
 Before CUMMINGS, CUDAHY, and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 William Burch and Maurice Harmon pled guilty to charges of conspiring to possess with intent to distribute heroin and cocaine. Each now raises issues relating to his sentencing, and we affirm in both cases.
 
 William Burch
 
 2
 As part of Burch's plea agreement, the government agreed to move for a downward departure from whatever guideline range Burch was to receive in exchange for his assistance with the government's prosecution of his codefendants. The agreement also stipulated that Burch was to receive a two-level reduction in his offense level for acceptance of responsibility under Guidelines section 3E1.1. The Probation Officer, however, recommended that because of inconsistencies in his various statements, Burch not receive any acceptance of responsibility reduction. (See PSR at 11.) At his sentencing hearing, Burch requested a three point adjustment under section 3E1.1, the government recommended a two point reduction, and the district court decided on a two point reduction. The court explained that the two point reduction was proper because Burch had pled guilty, but that a three point reduction was not warranted because Burch had not pled guilty until shortly before his trial was to begin. (June 16, 1993 Tr. at 5, 10-11.)
 
 
 3
 Burch now appeals that decision, arguing that he should have received a three rather than a two point reduction. We need not resolve that dispute, however, because even if there was an error, it was harmless. The district court calculated Burch's offense level at 41 and his criminal history category at 6, which produced a sentencing range of 360 months to life. (Id. at 16.) If Burch had received the additional one point reduction, and his offense level had therefore been 40 instead of 41, he would still have fallen in the same sentencing range of 360 months to life. Thus even if the district court did err in making a two rather than a three point reduction, the error did not affect Burch's sentencing range.
 
 
 4
 Moreover, on the government's motion, the district court departed downward, ultimately sentencing Burch to fifteen years. Because the fifteen year figure came directly out of the parties' plea agreement, it was clearly independent of the district court's guidelines calculation. Indeed, the district court made clear that its selection of the fifteen year sentence was based on the government's motion. (Id. at 21.) Because there is no doubt that the district judge would have selected the same sentence with or without the additional one point reduction, any possible error in Burch's receipt of two rather than three points for acceptance of responsibility was harmless. Williams v. United States, 112 S.Ct. 1112, 1120-21 (1992) ("a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed."); United States v. Jackson, 32 F.3d 1101, 1109-10 (7th Cir.1994); Kelly v. United States, 29 F.3d 1107, 1111 (7th Cir.1994).
 
 Maurice Harmon
 
 5
 Maurice Harmon contests the district court's decision to calculate his offense level based on the full amount of drugs distributed by the conspiracy, arguing that the preponderance of evidence did not support the district court's conclusion that the full amount was reasonably foreseeable to him. The district court's calculation of drug amounts is a finding of fact that must be supported by a preponderance of the evidence and that will be reversed only if it is clearly erroneous. United States v. Beler, 20 F.3d 1428, 1431 (7th Cir.1994).
 
 
 6
 Harmon's plea agreement characterized Harmon as a "delivery man" for the conspiracy, responsible for transporting "large quantities of small packages of mixtures containing heroin and cocaine" from a central location to the conspiracy's various distribution locations and returning with cash proceeds from the sale of drugs. (Plea Agreement at 3.) It also stated that he worked at the various distribution sites "selling large quantities of small packages of mixtures containing heroin and cocaine to customers of the narcotics enterprise." (Id. at 4.) In total, the agreement stated that "[t]hroughout the time defendant MAURICE HARMON took part in the conspiracy, the organization possessed with intent to distribute and distributed multiple kilograms of cocaine and at least 22 kilograms of heroin." (Id. at 4.) Harmon confirmed the truth of these facts at his guilty plea hearing. (See Oct. 8, 1992 Tr. at 13-18.) In addition to these facts, the parties stipulated in the plea agreement that Harmon's adjusted offense level would be 36.
 
 
 7
 In its presentence report, the probation office found that Harmon was responsible for 22 kilograms of heroin and 40 kilograms of cocaine. It found that this amount was equivalent to 29,000 kilograms of marijuana, which produced an offense level of 36. At sentencing, the court found Harmon's base offense level to be 36, gave a three-level reduction for acceptance of responsibility, and sentenced Harmon on the basis of adjusted offense level 33, which, in combination with Harmon's criminal history category of VI, produced a sentencing range of 235-293 months. The district court sentenced Harmon at the bottom of that range to 235 months.
 
 
 8
 Harmon now claims that when he signed the plea agreement, he did not understand that he was agreeing that he could be sentenced based on the full amount for which the conspiracy was responsible, so long as that amount was reasonably foreseeable to him.[1] But that argument lacks any plausibility in light of the fact that in addition to the facts set out in the agreement, Harmon stipulated that his offense level would be 36, which was the appropriate level for the full amount distributed by the conspiracy. In agreeing to that sentencing level, Harmon implicitly agreed that he was responsible for the full amount. He also seriously undermined the argument he now advances that he did not understand the connection between his own offense level and the amount of drugs distributed by the conspiracy.
 
 
 9
 Moreover, even putting aside the fact that Harmon agreed to this offense level, he would in any event have been properly held accountable for the full amount of drugs distributed by the conspiracy based on his level of involvement in the conspiracy. See, e.g., United States v. Narvaez, 995 F.2d 759, 763 (7th Cir.1993). He has not attempted to withdraw his plea or contended that any of the facts contained in the plea agreement are inaccurate.
 
 
 10
 Finally, Harmon argues that the district court improperly denied his request for a hearing on the amount of drugs before sentencing him. Guidelines Sec. 6A1.3(a) provides:
 
 
 11
 When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor....
 
 
 12
 In his motion for a hearing on the drug amount issue, however, Harmon pointed to no evidence that he would have been able to produce at a hearing in support of a lesser quantity. See R. 573. Under those circumstances, a hearing was not required. See United States v. Cantero, 995 F.2d 1407, 1413 (7th Cir.1993) (Sentencing hearing unnecessary so long as defendant received a copy of the PSR and had an opportunity to submit his objections in writing.) Harmon had that opportunity and was able to present no evidence that would call the drug amount into question.
 
 
 13
 The sentences of Burch and Harmon are AFFIRMED.
 
 
 
 [1]
 Notably, the same offense level of 36 would have applied if Harmon had been sentenced based only on the 22 kilograms of heroin, without attention to the forty kilograms of cocaine that were considered by the probation office though not originally set out in the plea agreement. See U.S.S.G. Sec. 2D1.1(c)(4). Indeed, the guideline attributes the offense level of 36 for any amount between 10 and 30 kilograms of heroin. Thus, even if Harmon had been responsible for only half of the total amount distributed by the conspiracy, he still would have come within the same offense level