**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                No. 97-4909

ALLORIC TEWAN LANE,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, Chief District Judge.
(CR-97-147)

Submitted: July 28, 1998

Decided: August 13, 1998

Before HAMILTON, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lawrence W. Crane, Greenville, South Carolina, for Appellant. J.
Rene Josey, United States Attorney, Alfred W. Bethea, Jr., Assistant
United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alloric Tewan Lane pled guilty to conspiracy to possess cocaine base (crack) with intent to distribute, 21 U.S.C.§ 846 (1994), and was sentenced to a term of 168 months imprisonment. Lane appeals his sentence, alleging that the district court failed to comply with Fed. R. Crim. P. 32 when it denied his motion to dismiss the government's objections to the presentence report concerning firearms or, alternatively, to ignore the government's evidence concerning firearms. We affirm.

A presentence report was first prepared for Lane in June 1997. The government objected to a recommended minor role adjustment and to the application of the safety valve provisions. See U.S. Sentencing Guidelines Manual §§ 2D1.1(b)(4), 5C1.2 (1995). The safety valve reduction is not available to a defendant who possessed a firearm or other dangerous weapon in connection with the offense. See USSG § 5C1.2(2). In August 1997, an addendum to the presentence report stated that the government had withdrawn its objection to application of the safety valve provision, but would present information at sentencing concerning Lane's role and possession of firearms.[1]

At the first scheduled sentencing hearing, the district court decided to conduct an evidentiary hearing concerning the unresolved issue of the presence of firearms and to reschedule sentencing for a later date. Lane did not object to this procedure. The government then presented evidence that Lane and his co-defendants possessed firearms during the course of the conspiracy. At the end of the hearing, the district court continued sentencing to give the probation officer time to consider the evidence and to prepare a new presentence report, if necessary.

Subsequently, the probation officer prepared a new presentence report which increased Lane's offense level for possession of a dangerous weapon, see USSG § 2D1.1(b)(1), and dispensed with the

_____

[1] At the final sentencing hearing, the government denied withdrawing its objection to application of the safety valve provision.

minor role adjustment and safety valve reduction. Lane did not object to the revised presentence report. Instead, he moved to dismiss the government's objections to the original presentence report or, alternatively, to exclude the portions of the presentence report relating to those objections, i.e., the evidence that he possessed firearms. He argued that the government's objection had been waived because it was not filed within fourteen days after receipt of the original presentence report, as required under Rule 32(b)(6)(B). However, under section (b)(6)(D) of the Rule, the district court may for good cause allow new objections at any time before sentence is imposed.

The district court found that Lane had been afforded due process under Rule 32 and that granting Lane's motion would prevent the court from considering the true nature and seriousness of the offense when imposing sentence. See 18 U.S.C.A.§ 3553(a)(1) (West 1985 & Supp. 1998). We agree. Lane was aware that his possession of firearms was a disputed issue well before he was sentenced and the district court gave him ample opportunity to contest the issue. See USSG § 6A1.3. Therefore, we find that the district court fully complied with the requirements of Rule 32 in considering and resolving the issue.[2]

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[2] The cases relied on by Lane are inapposite. In United States v. Jackson, 32 F.3d 1101 (7th Cir. 1994), the district court sua sponte made an adjustment for abuse of a position of trust although there was no evidence that the defendant was aware that certain conduct of his could be the basis for such an adjustment. In United States v. Carroll, 798 F. Supp. 291 (D. Md. 1992), vacated, 3 F.3d 98 (4th Cir. 1993), the district court found that the government had waived an objection concerning application of a cross-reference in the applicable guideline by filing the objection late. However, the court addressed the issue on the merits and this court vacated the sentence and remanded the case for resentencing on the merits.

3