**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 9, 2005
Decided July 12, 2005

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-2083

UNITED STATES OF AMERICA,
   *Plaintiff-Appellee,*

   *v.*

RAPP CORNELIUS CHAIRS,
   *Defendant-Appellant.*

Appeal from the United States District
Court for the Southern District
of Illinois

No. 03 CR 30191

G. Patrick Murphy,
*Chief Judge.*

No. 03-3137

UNITED STATES OF AMERICA,
   *Plaintiff-Appellee,*

*v.*

DARIUS HOLLINS,
   *Defendant-Appellant.*

Appeal from the United States District
Court for the Northern District
of Illinois, Eastern Division

No. 97 CR 376-2

Harry D. Leinenweber,
*Judge.*

**O R D E R**

We have consolidated for decision two direct criminal appeals in which the parties have moved to remand the cases for resentencing in light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). Proceedings in both appeals

were stayed pending the outcome of that case and position statements have since been received from the parties. In their position statements, the parties in both appeals agree that the appellant preserved a meritorious constitutional objection under *Booker* to factual determinations made by the district judge at sentencing using a preponderance standard that increased the imprisonment range under the United States Sentencing Guidelines. The government concedes in both appeals that the error was not harmless, and we agree with that assessment. We therefore vacate the appellants' sentences and remand these appeals for resentencing.

Rapp Cornelius Chairs pleaded guilty to assaulting a federal officer, 18 U.S.C. § 111(a), and was sentenced to 51 months' imprisonment. The district court arrived at this guidelines sentence by applying the base offense level for aggravated assault, U.S.S.G. § 2A2.2(a), and employing four upward adjustments: using a motor vehicle as a dangerous weapon, *id.* § 2A2.2(b)(2)(C); causing bodily injury to the victim, *id.* § 2A2.2(b)(3)(A); targeting a government officer, *id.* § 3A1.2(a); and obstructing justice, *id.* § 3C1.1. Chairs objected at sentencing to the district court's calculation of the base offense level, arguing that the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), "requires proof beyond a reasonable doubt to transform a presumed 'simple' assault to an aggravated one." Chairs also objected to each of the four upward adjustments and the district court's use of a preponderance standard in determining the facts underlying his sentence. The district court denied the objections, concluding that Chairs had no argument under *Apprendi*.

Darius Hollins was indicted for conspiracy to import cocaine from Jamaica, 21 U.S.C. §§ 963, 952(a), 960(a), and for attempting to import cocaine on several occasions, *id.* At trial the government presented evidence of the amount of cocaine that members of the conspiracy attempted to import on each occasion alleged in the indictment. The jury ultimately found Hollins guilty of conspiracy and a single count of attempting to import 780 grams of cocaine. At sentencing Hollins argued that, pursuant to *Apprendi*, his base offense level should be determined by this 780-gram amount as that was the only drug amount supported by a jury verdict of guilty. The district court disagreed and instead found that Hollins's conspiracy conviction encompassed relevant conduct involving over 12 kilograms of cocaine, a determination that increased Hollins's base offense level under the guidelines. See U.S.S.G. § 2D1.1(c). After imposing a four-level upward adjustment for Hollins's role as a leader or organizer of the criminal enterprise, *id.* § 3B1.1(a), the district court sentenced Hollins to 188 months' imprisonment, the low end of the guideline range.

In each appeal, the district court made findings that increased the appellant's offense level based on facts not proven beyond a reasonable doubt or admitted by the appellant in a guilty plea. Accordingly, as the government admits, the resulting sentences violate the appellants' constitutional rights. See *Booker*, 125 S. Ct. at 751-52, 756. And since the appellants preserved their constitutional objections to their sentences, the burden falls on the government to prove that the sentencing error in

each case was harmless, in the sense that it had no effect on the appellant's substantial rights. See *United States v. Vonn*, 535 U.S. 55, 62 (2002); see also *United States v. Harbin*, 250 F.3d 532, 542 (7th Cir. 2001). Here, however, the government has conceded that it cannot show that Chairs's and Hollins's sentences were unaffected by the constitutional error. The only remaining question is what remedy should be chosen to correct this error.

Typically, when we have concluded that constitutional error has occurred in a case and that the error is not harmless, we have vacated the appellant's sentence and remanded the case for resentencing. See*, e.g., United States v. Jackson*, 32 F.3d 1101, 1109 (7th Cir. 1994). The only exception has been the line of plain error cases addressed by our decision in *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), which calls for a limited remand of sentences affected by *Booker* in all cases where we are not confident that the district court would have imposed the same sentence in the context of advisory guidelines. See also *United States v. Lee,* 399 F.3d 864 (7th Cir. 2005) (recognizing that the district court's inclinations will be clear in some cases and thus that a limited remand is not always required). Unlike *Paladino*, the present cases both involve defendants who preserved the *Booker*-type objection at the district court level. In these cases, we have followed the general rule noted above that the sentence must be vacated unless the error was harmless. See *United States v. Schlifer,* 403 F.3d 849, 854 (7th Cir. 2005). Accordingly, in light of the fact that we cannot say that these errors were harmless, we VACATE the appellants' sentences and REMAND the appeals for resentencing in accordance with *Booker*.