# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 04-3398

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JAMES T. SCHLIFER,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Western District of Wisconsin.
No.04-CR-59-C-01—**Barbara B. Crabb**, *Chief Judge*.

_____

ARGUED MARCH 1, 2005—DECIDED APRIL 7, 2005

_____

Before KANNE, EVANS and WILLIAMS, *Circuit Judges*.

WILLIAMS, *Circuit Judge*. James Schlifer appeals his sentence of 120 months on the ground that the district court violated the Sixth Amendment by sentencing him as a career offender without presenting the facts underlying his prior convictions to a jury. He also argues that in light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), the district court erred in applying the guidelines under the prior mandatory sentencing scheme. Although Schlifer's Sixth Amendment argument lacks merit, we vacate his sentence and remand for resentencing be-

cause the district court erred under *Booker* by sentencing Schlifer under a mandatory guidelines system, and the government has not demonstrated that the error was harmless.

## I. BACKGROUND

In June 2004 Schlifer pleaded guilty to one count of conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Under the November 2003 sentencing guidelines, Schlifer's crime ordinarily would have carried a base offense level of 30 based on evidence that the quantity of methamphetamine was at least 360 grams. U.S.S.G. § 2D1.1(c)(5). However, the probation officer who prepared the presentence investigation report (PSR) recommended that the court sentence Schlifer as a career offender because among his prior crimes were two unrelated convictions for aggravated assault. *See* U.S.S.G. § 4B1.1. Under the career offender guideline, Schlifer's base offense level increased to 32 and his criminal history category was VI regardless. U.S.S.G. § 4B1.1. The court then deducted three levels for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. This resulted in a total offense level of 29, which, combined with Schlifer's criminal history category of VI, yielded a sentencing range of 151 to 188 months.

In response to the PSR and again at his sentencing hearing, Schlifer objected to being sentenced as a career offender. He argued that in order to classify him as a career offender the district court was required to find facts beyond the mere existence of two prior convictions. Specifically, he argued that the district court had to determine whether his prior convictions were for crimes of violence and whether the two crimes were unrelated. *See* U.S.S.G. §§ 4B1.2(c), 4A1.2(a) & cmt. n.3. These determinations, Schlifer argued, required the district court to go beyond the "fact of a prior conviction" and thus exceeded the judicial factfinding exception for

recidivism recognized in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and preserved in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Accordingly, Schlifer contended that under *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), these facts must be admitted or proven beyond a reasonable doubt before they could be used to increase his guideline range. The district court rejected Schlifer's argument, concluding that *Blakely* and this court's opinion in *Booker* do not apply to prior convictions.

The district court denied Schlifer's motion to depart under U.S.S.G. § 5K2.0, rejecting his argument that his offense primarily involved manufacturing methamphetamine for personal use and thus fell outside of the "heartland" of drug manufacturing and distribution cases contemplated by the guidelines. The court, however, granted the government's motion for a downward departure based on Schlifer's substantial assistance. *See* U.S.S.G. § 5K1.1. The court calculated a new effective range of 120 to 150 months by departing the equivalent of three levels, and sentenced Schlifer to 120 months' imprisonment.

## II. ANALYSIS

Schlifer argues in his opening brief that the district court impermissibly sentenced him as a career offender without submitting the issue to a jury. After that brief was filed, and after his case had already been set for oral argument, the Supreme Court decided *Booker*. We granted Schlifer's motion to file a supplemental brief in light of *Booker*. Schlifer now argues in addition that his sentence is erroneous because the district court imposed it under the mandatory guidelines system that existed prior to *Booker*. He thus contends that his sentence should be vacated and his case remanded for resentencing in light of the Court's decision that the guidelines are advisory.

A defendant is a career offender under U.S.S.G. § 4B1.1 if he commits a felony drug offense after the age of 18 and has at least two prior felony convictions for crimes of violence or drug trafficking offenses. The prior offenses must be unrelated. Schlifer argues in his opening brief that these determinations require a sentencing court to find facts outside the judgment of conviction and thus entail impermissible factfinding by the court.

Prior to the Supreme Court's decision in *Booker*, Schlifer's appeal would have been frivolous. Neither the Supreme Court's decision in *Blakely* nor this court's opinion in *Booker* disturbed the principle that the "fact of a prior conviction" falls outside the *Apprendi* rule that facts increasing a sentence beyond the otherwise applicable statutory maximum must be proved to a jury beyond a reasonable doubt. *See United States v. Pittman*, 388 F.3d 1104, 1109 (7th Cir. 2004). Thus in *Pittman* this court held that imposing a career offender sentence under § 4B1.1 without resort to a jury or proof beyond a reasonable doubt of the prior convictions did not violate *Blakely* as interpreted by this court in *Booker*. *Id. Pittman* has not been affected by the Supreme Court's decision in *Booker* because the Court again preserved the *Almendarez-Torres* exception for prior convictions. *See Booker*, 125 S. Ct. at 758. And, although the Supreme Court recently called its future into question, the *Almendarez-Torres* exception for prior convictions still stands. *Shepard v. United States*, 2005 WL 516494 (U.S. March 7, 2005).

Schlifer attempts to distinguish his case by arguing that the district court's conclusion that he is a career offender entailed finding facts outside the "fact of a prior conviction," namely, whether his prior convictions are for crimes of violence and whether they are "related." But we have already rejected a similar argument in *United States v. Morris*, 292 F.3d 1010 (7th Cir. 2002). In *Morris*, a defendant who was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), argued that his sentence was unconstitutional

under *Apprendi* because the government did not prove beyond a reasonable doubt that his prior convictions had been committed on separate occasions as required by the statute. We rejected the argument, noting that there was no precedent for "parsing out the recidivism inquiry." *Id.* at 1012. Likewise, Schlifer cites no authority in support of his argument that, although "the fact of a prior conviction" may be found by a judge by the preponderance of the evidence, the factors that bear on that determination must be proved beyond a reasonable doubt. In this case, the district court did not engage in impermissible factfinding with respect to its determination that Schlifer was a career offender, and Schlifer's sentence accordingly does not violate the Sixth Amendment.

In his supplemental brief, however, Schlifer raises the nonfrivolous argument that the Supreme Court's remedial opinion in *Booker* invalidates his sentence even in the absence of a Sixth Amendment violation. In Justice Stevens's opinion in *Booker*, the Court extended its holding in *Blakely* to the federal sentencing guidelines and held that the Sixth Amendment right to trial by jury is violated where a defendant's guidelines range is increased based on facts (other than a prior conviction) found by the judge without a jury or using a preponderance standard. *Booker*, 125 S. Ct. at 756. Second, the Court, in an opinion authored by Justice Breyer, severed from the authorizing statute the provision that called for the mandatory application of the Guidelines and the provision that established the appellate standard of review. *Id.* at 765. The Court thus crafted a system under which the district courts are obligated to consider the guidelines but are not bound by them. *Id.* at 767.

The remedial portion of the Court's decision, which invalidates the mandatory application of the guidelines and instead requires the courts to consult them in an advisory fashion, must be applied to all cases pending on direct review, even in the absence of a Sixth Amendment violation. *See id.*

at 765. Thus in every pending appeal where the district court sentenced a defendant under the now-defunct mandatory guidelines scheme, error will have been committed. *See id.* at 768,[1] 769 (holding that parties in respondent Fanfan's case "may seek resentencing under the system set forth in [*Booker*]" though "Fanfan's sentence d[id] not violate the Sixth Amendment"); *United States v. Paladino*, Nos. 03-2296 et al., 2005 WL 435430, at *7 (7th Cir. Feb. 25, 2005) (finding *Booker* error where a portion of defendant Velleff's sentence "was based on mandatory provisions of the sentencing guidelines"); *see also, United States v. Crosby*, 397 F.3d 103, 114-15 (2d Cir. 2005); *United States v. Hughes*, 2005 WL 628224, at *4 (4th Cir. Mar. 16, 2005); *United States v. Labastida-Segura*, 396 F.3d 1140, 1142-43 (10th Cir. 2005).

The existence of error, however, does not mean that every appeal must lead to resentencing. In *Booker*, the Court instructed that the "ordinary prudential doctrines" of plain error and harmless error should be applied in determining whether resentencing is necessary. 125 S. Ct. at 769. Thus we must first determine whether Schlifer preserved his

---

[1] The Government would render the Guidelines advisory in 'any case in which the Constitution prohibits' judicial factfinding. But it apparently would leave them as binding in all other cases. We agree with the first part of the Government's suggestion. However, we do not see how it is possible to leave the Guidelines as binding in other cases. . . . [W]e believe that Congress would not have authorized a mandatory system in some cases and a nonmandatory system in others, given the administrative complexities that such a system would create. Such a two-system proposal seems unlikely to further Congress' basic objective of promoting uniformity in sentencing.

*Id.* at 768.

*Booker* claim and what standard of review applies to the claim. *See United States v. McDaniel*, 398 F.3d 540 (6th 2005). The doctrine of plain error applies when a defendant forfeits a ground in the district court but raises it on appeal. *United States v. Pawlinski*, 374 F.3d 536, 540 (7th Cir. 2004). Otherwise, the appellant is entitled to plenary review of a sentencing error.

This is not a plain error case, and our recent decision in *Paladino* is inapposite here. Schlifer was sentenced prior to the Supreme Court's opinion in *Booker*, but he objected to his sentence in the district court on *Blakely* grounds. Schlifer also anticipated the possibility that the guidelines were severable. His objection was specific enough to preserve the argument he makes now about the mandatory character of his sentence because it was sufficient to alert "the court and opposing party to the specific grounds for the objection." *United States v. Linwood*, 142 F.3d 418, 422 (7th Cir. 1998). This is also the position recently taken by the Tenth Circuit, which held that an appellant who raised a *Blakely* argument in the district court also preserved for appeal a *Booker* error. *See Labastida-Segura*, 396 F.3d at 1143. In contrast, the courts of appeal that have applied plain error analysis to a *Booker* claim have done so because no Sixth Amendment challenge was raised in the district court. *E.g.*, *Paladino*, 2005 WL 435430, at *7; *Hughes*, 2005 WL 628224, at *5; *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005).

Because, in effect, the district court's error amounts to a misapplication of the guidelines, Schlifer's sentence must be vacated unless the error was harmless. *See United States v. Hollis*, 230 F.3d 955, 958 (7th Cir. 2000); *United States v. Jackson*, 32 F.3d 1101, 1109-10 (7th Cir. 1994). When an error relates to the validity of a defendant's sentence, it is harmless only if it did not affect the district court's choice of sentence. *United States v. Smith*, 332 F.3d 455, 460 (7th Cir. 2003); *Jackson*, 32 F.3d at 1109.

The government argues in its supplemental brief that any error in Schlifer's sentence was harmless because it did not affect the district court's choice of sentence. First, the government argues that the district court's decision to depart downward the equivalent of just three offense levels based on Schlifer's substantial assistance signals the court's unwillingness to exercise the discretion already available to it by further lowering Schlifer's sentence. This argument has some facial appeal, but it ignores the fact that a sentencing judge, prior to *Booker*, had the guidelines and the appellate standard of review in mind when fashioning a departure. A departure decision, even if "discretionary," was nevertheless informed by the guidelines and thus sheds little light on what a sentencing judge would have done knowing that the guidelines were advisory.

Moreover, although the size of the departure was within the court's discretion, *see* U.S.S.G. § 5K1.1, the government cites no examples of past cases in which this argument has been accepted as basis for concluding that a guidelines misapplication was harmless. Typically, we require a higher degree of certainty for such a conclusion. For example, we have noted that when a sentencing judge must choose between two sentencing ranges that overlap, and expressly acknowledges that it would impose the same sentence under either range, this court can be certain that an error in choosing the wrong range was harmless. *Jackson*, 32 F.3d at 1110. But "there is no such certainty here." *See id.* Nor is this a case where the district court clearly stated that it wanted to impose the maximum available sentence, s*ee United States v. Benitez*, 92 F.3d 528, 539 (7th Cir. 1996), or where the district court "erred on the high side but the sentence could not have been any lower because of a statutory minimum," *see United States v. Giacometti* 28 F.3d 698, 704 (7th Cir. 1994). Ultimately, this court would have to speculate that the district court's error in thinking itself bound by the guidelines did not affect the sentence.

The government next argues that the district court's rejection of Schlifer's motion for a downward departure under § 5K2.0 evinces its unwillingness to impose a lower sentence. This argument is unpersuasive because it appears that the district court simply did not agree that Schlifer had presented a permissible basis for departure under that guideline. In denying Schlifer's motion, the court determined that the circumstances of his case were not "outside the heartland." Given this determination, the district court did not have a solid basis to depart under § 5K2.0. Thus the court's denial of Schlifer's motion sheds no light on whether the court would have departed had Schlifer presented different grounds, or whether the court might have granted the very same motion had it known that *Booker* effectively allows greater latitude in making departure decisions.

Finally, the government makes the undeveloped argument that the district court's acknowledgment of Schlifer's extensive criminal history reveals a disinclination to impose a lesser sentence. The government provides no support for this argument, and although the district court characterized Schlifer's criminal history as "horrendous," it did so in the context of explaining its decision to sentence him as a career offender. Moreover, this court has acknowledged that such comments are common at sentencing, and are not necessarily evidence that an error was harmless. *See Jackson*, 32 F.3d at 1110. Thus, the most that can be inferred from the district court's statement is that Schlifer's criminal history warranted sentencing under § 4B1.1.

The government ultimately fails to meet its burden of demonstrating that, if the district court had known that the guidelines are advisory rather than mandatory, its choice of sentence would have been the same. While the result might be different under a plain error standard, where the defendant has the burden of demonstrating that his substantial rights were affected, in this case the error cannot fairly be deemed "harmless."

### III.  CONCLUSION

For the reasons stated above, we VACATE Schlifer's sentence and REMAND the case to the district court with instructions to resentence in light of *Booker.*

This opinion was circulated to the entire court before issuance. No member of the court in active service voted to hear the case en banc.

A true Copy:

       Teste:

                     _____

                     *Clerk of the United States Court of*
                          *Appeals for the Seventh Circuit*