order and our opinion in *United States v. Paladino.*

UNITED STATES of America, Plaintiff–Appellee,

v.

Demetrius DAVIS, Defendant–Appellant.

No. 03–3988.

United States Court of Appeals, Seventh Circuit.

Argued March 29, 2005.

Decided April 26, 2005.

John J. Scully, Office of The United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Richard H. Parsons, Office of The Federal Public Defender, Peoria, IL, for Defendant–Appellant.

Before CUDAHY, WOOD, and SYKES, Circuit Judges.

### ORDER

Demetrius Davis was convicted of possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and sentenced to 120 months' imprisonment. Davis appeals both his conviction and sentence. We affirm Davis's conviction, but remand for the limited purpose of allowing the district court to say whether it would have imposed the

same sentence had it not believed itself bound by the sentencing guidelines.

Davis was riding a bicycle on the west side of Chicago in the early morning hours of June 5, 2002. At one point Davis stopped riding, removed a handgun from his pants, examined it briefly, returned the gun to his waistband, and continued riding. Unfortunately for Davis, he stopped in front of a building where two police officers were on the roof conducting surveillance of the street below. The surveillance team radioed Davis's location and description to other officers on the ground. As those officers approached in their patrol car, Davis dropped his bicycle and threw the gun onto a nearby lawn. The officers arrested Davis and recovered a loaded 9mm pistol.

Davis's first trial ended in a mistrial after the jury could not reach a unanimous verdict, but he was retried and convicted. The presentence report (PSR) recommended a base offense level of 24, *see* U.S.S.G. § 2K2.1(a)(2), and criminal history category of VI based on Davis's four previous state felony convictions—two for armed robbery, one for drug possession, and one for unlawful use of a weapon by a felon. The probation officer recommended no adjustments, yielding a proposed sentencing range of 100 to 125 months' imprisonment. The district court accepted the recommendations in the PSR and sentenced Davis to the statutory maximum 120 months' imprisonment. *See* 18 U.S.C. § 924(a)(2).

■ Davis makes two arguments challenging his conviction, but they have little merit. First he argues that 18 U.S.C. § 922(g) is unconstitutional because it criminalizes behavior that has only a remote nexus to interstate commerce. But we have repeatedly rejected this argument and held that the possession of a firearm that was manufactured in a different state establishes a sufficient nexus to interstate commerce. *See, e.g., United States v. Keller,* 376 F.3d 713, 716–17 (7th Cir.2004), *vacated on other grounds sub nom. Keller v. United States,* —— U.S. ——, 125 S.Ct. 1061, 160 L.Ed.2d 1048 (2005); *United States v. Thompson,* 359 F.3d 470, 480 (7th Cir.2004); *United States v. Lemons,* 302 F.3d 769, 772 (7th Cir.2002). Davis stipulated that the gun was not manufactured in Illinois, thus conceding that it traveled in interstate commerce.

Next Davis argues that the district court should not have considered his prior convictions when sentencing him because their existence was neither admitted by him nor submitted to the jury and proven beyond a reasonable doubt. Davis concedes that this argument is squarely foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but his brief noted that the Supreme Court granted certiorari in *United States v. Shepard,* 348 F.3d 308 (1st Cir.2003), in which he speculated the Court might overrule *Almendarez–Torres.* But *Shepard* has since been decided without disturbing *Almendarez–Torres. Shepard v. United States,* —— U.S. —— 125 S.Ct. 1254, 1264, 161 L.Ed.2d 205 (2005) (Thomas, J., concurring) ("The parties do not request it here, but in an appropriate case, this Court should consider *Almendarez–Torres'* continuing viability."). *Shepard* might be read as limiting the scope of *Almendarez–Torres* because it restricts the inquiry into whether a prior conviction qualifies under the Armed Career Criminal Act to those facts conclusively established by judicial records. *See id.* at 1263. But *Shepard* does not affect Davis's appeal because he does not suggest that the district court made any factual findings based on information that *Shepard* forbids it from considering.

■ Davis also makes the more substantial argument that his sentence is illegal in light of *United States v. Booker,* — U.S. —, 125 S.Ct. 738, 764, 160 L.Ed.2d 621 (2005). Davis received a base offense level of 24 because he has at least two previous convictions for crimes of violence or controlled substance offenses. *See* U.S.S.G. § 2K2.1(a)(2). Although the PSR does not specify which of Davis's four previous convictions warrant the higher base offense level or whether those convictions are crimes of violence or controlled substance offenses, it is clear that both of Davis's armed robbery convictions qualify as crimes of violence, and he does not argue otherwise. This offense level coupled with Davis's criminal history category VI yielded the 100– to 125–month range.

Davis did not raise any sentencing issue in the district court, and our review is thus for plain error only. *See United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Under a plain error standard, the defendant must establish an error that is clear or obvious and affects his "substantial rights." *Id.* We may then correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal citation and quotation omitted).

Davis's sentence was not based on any fact that was required to be submitted to a jury and proven beyond a reasonable doubt. The only facts that increased Davis's offense level were his prior convictions for crimes of violence and, again, those did not need to be submitted to a jury. But Davis's sentence is erroneous because the district court considered itself bound by the ranges provided by the guidelines even though the sentence the court imposed does not otherwise violate the Sixth Amendment. *See United States v. Schlifer,* 403 F.3d 849, 853 (7th Cir. 2005); *United States v. Shelton,* 400 F.3d 1325, 1330–31 (11th Cir.2005); *United States v. Antonakopoulos,* 399 F.3d 68, 76 (1st Cir.2005); *United States v. Labastida–Segura,* 396 F.3d 1140, 1142 (10th Cir. 2005); *United States v. Crosby,* 397 F.3d 103, 114–15 (2d Cir.2005); *United States v. Hughes,* 396 F.3d 374, 379 (4th Cir.2005). *Booker* makes this error clear.

We recently held that in order to determine if a defendant's substantial rights were affected by a sentence that is now erroneous under *Booker,* we will order a limited remand so the sentencing court can say whether it would have imposed the same sentence had it known that the guidelines were not mandatory. *United States v. Paladino,* 401 F.3d 471, 483–84 (7th Cir.2005). A limited remand is not required if it is apparent that the district court would have imposed the same sentence had it known the guidelines were only advisory, *United States v. Lee,* 399 F.3d 864, 866 (7th Cir.2005), but the government concedes that is not the case here.

Davis's conviction is AFFIRMED. While retaining jurisdiction over this appeal, we REMAND for the limited purpose of allowing the district court to say whether it would have imposed the same sentence on Davis in the absence of mandatory guidelines.