UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 2, 2005
Decided June 14, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-3003

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division |
| v. | No. 03 CR 75 |
| BERNARD HAWKINS, *Defendant-Appellant*. | James T. Moody, *Judge* |

**O R D E R**

Bernard Hawkins appeals his 151-month sentence for assaulting a federal law enforcement officer. He argues that the district court violated the Sixth Amendment by sentencing him as a career offender when a jury had not determined beyond a reasonable doubt that his prior convictions were for crimes of violence. Although this argument lacks merit, we vacate his sentence because the district court erred by applying the Sentencing Guidelines as mandatory, *see United States v. Castillo*, 406 F.3d 806, 823 (7th Cir. 2005); *United States v. White*, 406 F.3d 827, 835 (7th Cir. 2005), and the error is not harmless.

In March 2003 deputy marshals and local police officers attempted to arrest Hawkins at a Gary, Indiana, apartment complex pursuant to an arrest warrant issued by the United States District Court for the Northern District of Illinois after

Hawkins failed to appear at a supervised release hearing.  Hawkins attempted to evade the officers and injured a deputy marshal during the ensuing struggle.  In February 2004 Hawkins entered a blind guilty plea to one count of assaulting a federal officer in violation of 18 U.S.C. § 111.

At his sentencing hearing in July 2004, Hawkins admitted to the facts set forth in the presentence investigation report.  However, Hawkins objected to the recommendation that he be sentenced as a career offender based on his two prior felony convictions for the crime of escape.  *See* U.S.S.G. § 4B1.1.  In particular, he argued that the issue of whether escape is a "crime of violence" under the guidelines is a factual determination and thus under *Blakely v. Washington*, 125 S. Ct. 2531 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), his escape convictions could not be used to trigger the career offender guideline without submitting the question to a jury.  The district court rejected this argument, reasoning that because the career offender determination is "strictly a legal issue," *Blakely* and *Apprendi* were not implicated.  Hawkins's assault crime carried a maximum sentence of 20 years, and his base offense level as a career offender was 32.  *See* U.S.S.G. § 4B1.1(b)(c).  The court granted a three-level downward adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, and the resulting offense level of 29 combined with Hawkins's criminal history category of VI resulted in a guidelines range of 151 to 188 months' imprisonment.

Hawkins moved for a downward departure under U.S.S.G. § 4A1.3, arguing that his criminal history category overrepresented the severity of his criminal record.  He emphasized the nonviolent nature of his escapes, which he characterized as "walk-away escapes" from a halfway house.  He also argued under U.S.S.G. § 5K2.0 that mitigating circumstances not taken into account by the guidelines warranted a lower sentence.  The court denied Hawkins's motion, stating, "[A]lthough departure may be authorized in this case, I choose not to depart because I believe departure is just not warranted under the circumstances here."  The court then sentenced Hawkins to 151 months' imprisonment, the low end of the guidelines range.

On appeal Hawkins renews his argument that pursuant to *Apprendi, Blakely*, and *United States v. Booker*, 125 S. Ct. 738 (2005), the Sixth Amendment requires a jury to find that his prior convictions were for crimes of violence before he can be sentenced as a career offender.  Hawkins adequately preserved this argument in the district court by objecting on *Apprendi* and *Blakely* grounds, and thus our review of his sentence is plenary.  *See United States v. Schlifer*, 403 F.3d 849, 854 (7th Cir. 2005).

The district court did not engage in impermissible fact-finding in determining that escape is a crime of violence.  We have held that the crime of

escape, "as a category, is a crime of violence for the purposes of the federal sentencing guidelines." *United States v. Bryant*, 310 F.3d 550, 554 (7th Cir. 2002). Hawkins suggests that this "categorical approach" is at odds with *Apprendi, Blakely,* and *Booker.* However, "the fact of a prior conviction" falls outside the rule that facts increasing a sentence beyond the applicable statutory maximum must be proved to a jury beyond a reasonable doubt. *Booker*, 125 S. Ct. at 756; *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). Since *Booker* the Supreme Court has upheld the use of the categorical approach in evaluating prior convictions, with the caveat that in making this determination the district court is limited to examining "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding made by the trial judge to which the defendant assented." *Shepard v. United States*, 125 S. Ct. 1254, 1257 (2005). We have recently reaffirmed the use of the categorical approach in identifying crimes of violence, explaining that "[r]ecidivist enhancements depend on the crime of which the person has been convicted, not on the precise conduct that led to the conviction." *United States v. Lewis*, 405 F.3d 511, 513-14 (7th Cir. 2005). In *Lewis*, we specifically reiterated that "legal criteria . . . rather than factual inquiries . . . identify a 'crime of violence.'" *Id.* at 514. Because in this case the district court's determination that escape is a crime of violence was legal, not factual, and the district court did not rely on information that *Shepard* prohibits, Hawkins's argument fails.

However, the district court erred in applying the guidelines as mandatory. *See Castillo,* 406 F.3d at 823; *White,* 406 F.3d at 835. Hawkins is therefore entitled to resentencing unless the error was harmless. *See Schlifer*, 403 F.3d at 854. A sentencing error is harmless only if it did not affect the district court's choice of sentence. *Id.; United States v. Smith*, 332 F.3d 455, 460 (7th Cir. 2003). Here, we cannot characterize the error as harmless. Hawkins's total offense level would have been 7 had he not been sentenced as a career offender; the total offense level increased to 29 with the application of § 4B1.1. True, the district court denied Hawkins's motion for a downward departure, stating that departure was "not warranted under the circumstances here." But all that may be inferred from the district court's statement is that the court lacked solid grounds for a "departure" under the guidelines as they existed prior to *Booker. See Schlifer*, 403 F.3d at 855. Given the substantially longer sentence that Hawkins received under the mandatory application of the career offender guideline, we cannot rule out the possibility that the district court would have given Hawkins a lesser sentence had it known that the guidelines were advisory and that its sentence would be reviewed only for reasonableness. We therefore VACATE Hawkins's sentence and REMAND to the district court for resentencing in light of *Booker.*