**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 04-1786

UNITED STATES,

Appellee,

v.

EASTON WILSON,

Defendant, Appellant.

---

[Hon. George Z. Singal, U.S. District Judge]

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

---

Before

Boudin, Chief Judge,
Lynch and Lipez, Circuit Judges.

---

Robert M. Napolitano on brief for appellant.
Paula D. Silsby, United States Attorney, and Margaret D. McGaughey, Appellate Chief, on brief for appellee.

---

June 15, 2005

---

**Per Curiam**. Defendant, Easton Wilson, appeals from a sentence imposed before the United States Supreme Court's recent decision in United States v. Booker, __ U.S. __, 125 S. Ct. 738 (2005). In his original brief (filed before Booker was decided), Wilson argued that his sentence had been enhanced based on judge-made findings, in violation of Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004).[1] In a supplement Booker brief, Wilson argues that the district court erred in sentencing him under a mandatory Guidelines system and that he is entitled to resentencing in conformance with Booker. The government opposes a remand.

Wilson maintains that he preserved a claim of Booker error below, by arguing in his objection to the presentence report that the court's fact-finding as to drug quantity violated Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny. The government concedes that Wilson made an Apprendi argument before the district court. That is all that we require to preserve a claim of Booker error. See United States

---

[1] Because we conclude that Wilson is entitled to a remand and resentencing based on his claim in his supplemental brief, we need not consider the claim in his original brief that the district court erred in determining drug quantity. The sentence imposed after remand will be subject to review for reasonableness. See United States v. Vazquez-Rivera, ___ F.3d ___, No. 02-1818, 2005 WL 1163672, slip op. at 29 (1st Cir. May 18, 2005).

-2-

v. Antonakopoulos, 399 F.3d 68, 76 (1st Cir. 2005) (stating that "[t]he argument that a Booker error occurred is preserved if the defendant below argued Apprendi").

Because Wilson's claim of Booker error was preserved, the government has the burden of showing harmlessness. Chapman v. California, 386 U.S. 18, 24 (1967); United States v. Ventura-Cruel, 356 F.3d 55, 64 (1st Cir. 2003). "Where an error relates to the validity of a defendant's sentence, it is harmless only if it did not affect the district court's choice of sentence." United States v. Schlifer, 403 F.3d 849, 854 (7th Cir. 2005). Where the error is of constitutional magnitude, as here, the government must prove that it was harmless beyond a reasonable doubt. United States v. Vazquez-Rivera, ___ F.3d ___, No. 02-1818, 2005 WL 1163672, slip op. at 25 (1st Cir. May 18, 2005). Therefore, on appellate review the government has the burden of proving, beyond a reasonable doubt, that "a lower sentence would not have been imposed had the Guidelines been advisory." Id. at 25.

The government has not met this heavy burden. In its supplemental brief, the government argues that the imposition of a sentence in the middle of the applicable Guidelines range and the sentencing judge's express finding that the sentence was "appropriate," with reference to the statutory sentencing factors contained in 18 U.S.C. § 3553(a)(2), satisfies its burden. Although the result might be different under plain error review,

the government has not met its burden of demonstrating harmless error beyond a reasonable doubt on that showing.

Accordingly, the sentence is <u>vacated</u> and the case is <u>remanded</u> for resentencing under the standards articulated in <u>Booker</u>, 125 S. Ct. at 764-65. We intimate no view as to the appropriate sentence to be imposed.

<u>The conviction is affirmed, the sentence is vacated, and the matter is remanded for resentencing.</u>

_____