UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted August 31, 2005[*]
Decided September 2, 2005

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 04-3627

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 03 CR 74 |
| ROBERTO SOLIS-VAQUERA, a/k/a ROBERTO AVILA, a/k/a ROBERTO VASQUEZ, a/k/a ROBERTO SOLIS-ARQUEDA, a/k/a ROBERTO AVILA-VAZQUEZ, a/k/a ROBERTO ABILIA, a/k/a ROBERTO SAEOLES, *Defendant-Appellant*. | Amy J. St. Eve, *Judge*. |

**O R D E R**

Mexican citizen Roberto Solis-Vaquera pleaded guilty to reentering the United States without permission after being deported, 8 U.S.C. § 1326(a), and was sentenced near the middle of the guideline range to 83 months' imprisonment.  At his September 2004 sentencing, Solis-Vaquera objected unsuccessfully to a 16-level

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

upward adjustment due to a prior conviction for a crime of violence, *see* U.S.S.G. § 2L1.2(b)(1)(A)(ii); he argued that the increase was unconstitutional under *Blakely v. Washington*, 542 U.S. 296 (2004), and our decision in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004). Solis-Vaquera now contends, citing *United States v. Schlifer*, 403 F.3d 849 (7th Cir. 2005), that this objection preserved an argument under *United States v. Booker*, 125 S. Ct. 738 (2005), that the district court erred in sentencing him under the formerly mandatory guidelines regime. He adds that he is entitled to resentencing because the government cannot show that the district court's error was harmless.

We agree with the former proposition, but not with the latter. All sentences imposed under the mandatory guidelines regime involve error, *Schlifer*, 403 F.3d at 853, and because Solis-Vaquera raised a Sixth Amendment argument in the district court, we must vacate his sentence unless the government has established that the error did not affect the district court's choice of sentence, *id.* at 854. The government contends, and we agree, that the error was harmless in this case because the district court selected an alternative sentence in accordance with our advice in *Booker*. *See Booker*, 375 F.3d at 515. The court specified that it would choose the same sentence "if the guidelines are deemed unconstitutional."

Solis-Vaquera asserts that the alternative sentence does not "comport[] with the Supreme Court's holdings in *Booker*" because, in his view, the district court failed to consider "all of the factors listed in 18 U.S.C. § 3553(a)," including the appropriate guideline range. But we discern no error. Because the district court properly calculated a guidelines sentence, we will infer that it "took the guidelines into account in fashioning" its alternative sentence. *See United States v. Bryant*, 2005 WL 2000981, at *4 (7th Cir. Aug. 22, 2005). Similarly, since the court's alternative sentence is within the guideline range, we may presume that the court properly canvassed the § 3553(a) factors. *See United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005); *United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005). In this case, though, we have the added assurance that the court examined the relevant factors because it explicitly referred to Solis-Vaquera's "incredibly sad" family history, his need for mental health treatment, and his history of recidivism. *See* 18 U.S.C. § 3553(a)(1), (2)(D), (2)(B). Moreover, after *Booker* a defendant need only "be given an opportunity to draw the judge's attention to any factor" that "might warrant a sentence different from the guidelines sentence," *Dean*, 414 F.3d at 730-31, and Solis-Vaquera does not contend that he missed an opportunity to make the district court aware of material information.

Accordingly, the judgment of the district court is AFFIRMED.