| UNPUBLISHED ORDER |
|---|
| Not to be cited per Circuit Rule 53 |

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 31, 2005[*]
Decided September 2, 2005

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 04-4021

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*

CHASKA J. CARRILLO,
    *Defendant-Appellant.*

Appeal from the United States
District Court for the Western District
of Wisconsin

No. 04 CR 110

Barbara B. Crabb,
*Chief Judge.*

**O R D E R**

Chaska Carrillo pleaded guilty to distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and was sentenced to 151 months' imprisonment and three years' supervised release. He now argues that he is entitled to resentencing in light of *United States v. Booker*, 125 S. Ct. 738 (2005), and *United States v. Schlifer*, 403 F.3d 849 (2005). Like the appellant in *Schlifer*, Carrillo argued in the district court that increasing his offense level under U.S.S.G. § 4B1.1 (establishing elevated offense levels for "career offenders") without submitting the matter to a jury violated his rights under the Sixth Amendment. We rejected that argument on the

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

merits in *Schlifer*, 403 F.3d at 853, but nonetheless accepted it as sufficient to "preserve" the appellant's right to challenge his sentence under the remedial holding in *Booker, id.* at 854.

There is error in every sentence imposed under the old mandatory guidelines regime. *Schlifer*, 403 F.3d at 853. Because Carrillo adequately preserved an objection, we must vacate the sentence unless the government can show that the error was harmless. *Id.* at 854. The government concedes that it cannot meet that burden. Accordingly, we VACATE Carrillo's sentence and REMAND the case for resentencing.