**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted September 28, 2005[*]
Decided September 28, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-3967

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division |
| *v.* | |
| | No. 3:04cr0022AS |
| WILLIAM E. ZIEGLER, *Defendant-Appellant*. | Allen Sharp, *Judge*. |

**O R D E R**

William Ziegler pleaded guilty to knowingly transmitting child pornography by computer, 18 U.S.C. § 2252(a)(1), and knowingly possessing child pornography, *id.* § 2252(a)(5)(B).  After the presentence investigation report was prepared, Ziegler objected to the proposed guideline sentence, citing *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004).  The district court applied the sentencing guidelines as if they were mandatory and

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

sentenced Ziegler to 84 months' imprisonment—a term in the middle of the calculated range of 78 to 97 months.

On appeal Ziegler argues that his sentence is erroneous under *United States v. Booker*, 125 S. Ct. 738 (2005), decided about two months after he was sentenced. As the government concedes, Ziegler is correct; the sentence is erroneous because the district court mistakenly believed that adherence to the guidelines was mandatory. *See United States v. White*, 406 F.3d 827, 835 (7th Cir. 2005); *United States v. Castillo*, 406 F.3d 806, 823 (7th Cir. 2005). And because he preserved the argument with his objection in the district court, Ziegler urges us to vacate his sentence, arguing that the government cannot meet its burden of demonstrating that the error was harmless. *See United States v. Schlifer*, 403 F.3d 849, 854 (7th Cir. 2005); *see also United States v. Macedo*, 406 F.3d 778, 788 (7th Cir. 2005) (explaining that our review is plenary where a *Booker*-type objection was made in the district court). The government concedes, again correctly, that the record is insufficient to assure us that Ziegler was not prejudiced by the district court's error. Because we cannot deem the error harmless, the sentence is VACATED and the case REMANDED for resentencing in light of *Booker.*