**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted September 28, 2005[*]
Decided September 28, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-3709

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 04-CR-76-C-01 |
| EUGENE HUGHES, *Defendant-Appellant.* | Barbara B. Crabb, *Chief Judge.* |

**O R D E R**

Eugene Hughes pleaded guilty to distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). Hughes objected to the presentence investigation report based on *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), and at his sentencing hearing he requested that the court impose a discretionary sentence of 132 months rather than adhering to the sentencing guidelines. The district court, believing itself bound by guidelines, sentenced Hughes to 188 months' imprisonment—the lowest available sentence under the guidelines. In light of the Supreme Court's

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

subsequent decision in *United States v. Booker*, 125 S. Ct. 738 (2005), invalidating the mandatory application of the guidelines, Hughes's sentence is erroneous. *See United States v. White*, 406 F.3d 827, 835 (7th Cir. 2005); *United States v. Castillo*, 406 F.3d 806, 823 (7th Cir. 2005).

Having preserved the error in the district court, Hughes puzzlingly requests that we order a limited remand under *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). But that case is inapposite here. As the government points out, Hughes is entitled to a full resentencing unless the government can demonstrate that the error did not result in a higher sentence. *United States v. Schlifer*, 403 F.3d 849, 854 (7th Cir. 2005); *see United States v. Macedo*, 406 F.3d 778, 788 (7th Cir. 2005) (explaining that our review is plenary where a *Booker*-type objection was made in the district court). The government concedes that it cannot meet its burden in this case, particularly because the district court stated that the 188-month sentence was "unfortunate" and "out of line." We agree that the error was not harmless, and we therefore VACATE the sentence and REMAND the case for resentencing in light of *Booker*.