**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 10, 2005[*]
Decided November 15, 2005

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-4306

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 04-CR-79-C-01 |
| AARON D. HUNTER, *Defendant-Appellant.* | Barbara B. Crabb, *Chief Judge.* |

**O R D E R**

Aaron Hunter pleaded guilty to one count of distributing a controlled substance, 21 U.S.C. § 841(a)(1), after he sold cocaine base to a confidential informant.  The informant asked to purchase three "eight balls" of crack; Hunter accepted $450 in exchange for 15 small baggies containing what a chemist determined to be collectively 6.17 grams of "cocaine base."  The transaction was part of a series of controlled buys, and in his plea agreement Hunter stipulated that the government could prove beyond a reasonable doubt that the entire course of conduct involved 17.57 grams of "cocaine base."  The agreement also identifies 40 years as

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

the maximum possible prison term; no statutory provision is cited, but 40 years is the highest penalty prescribed by § 841(b)(1)(B) for offenses involving 5 or more grams of cocaine base in its crack form, *see* 21 U.S.C. § 841(b)(1)(B); *United States v. Edwards*, 397 F.3d 570 (7th Cir. 2005) (explaining that "cocaine base" when used in § 841(b) means crack). Hunter qualified as a career offender, *see* U.S.S.G. § 4B1.1, and in applying that guideline the district court set the base offense level at 34 on the understanding that 40 years was the statutory maximum, *see id.* § 4B1.1(b)(A) (setting base offense level at 34 for career offender if offense of conviction is punishable by imprisonment for 25 years or more). A downward adjustment for acceptance of responsibility reduced Hunter's total offense level to 32, which coupled with his Category VI criminal history resulted in a guideline range of 210 to 262 months. The district court sentenced Hunter to 210 months' incarceration.

Hunter appeals his sentence. Relying on *Edwards*, 397 F.3d at 575, he argues that the government did not meet its burden of showing that the "cocaine base" he possessed was actually crack, and so the statutory maximum should have been 20 years under the default provision § 841(b)(1)(C), not 40 years under § 841(b)(1)(B). The point might seem academic because Hunter did not receive a sentence greater than 20 years, but in fact his guideline range would have been significantly lower if his view of the statutory maximum is correct: the base offense level for a career offender is 32, not 34, if the offense of conviction is punishable by at least 20 years but less than 25 years. *See* U.S.S.G. § 4B1.1(b)(C).

We decline to decide whether the government submitted sufficient evidence that Hunter distributed crack rather than another form of cocaine base. Hunter was sentenced before the Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005), and at sentencing he challenged the guidelines on the basis of *Blakely v. Washington*, 542 U.S. 296 (2004), and our own decision in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), *aff'd*, 125 S.Ct. 738 (2005). This was enough to preserve for appeal his present argument that the district court imposed an unlawful sentence by applying the sentencing guidelines as mandatory. *See Booker*, 125 S. Ct. at 758; *United States v. Schlifer*, 403 F.3d 849, 854-55 (7th Cir. 2005) (concluding that *Blakely* objection was sufficient to preserve a challenge under *Booker* to application of guidelines as mandatory); *United States v. Burke*, 425 F.3d 400, 416-17 (7th Cir. 2005). Hunter requests a full remand for resentencing, and the government concedes that resentencing is necessary because it cannot show that the *Booker* error was harmless. We agree with the parties that Hunter must be resentenced, and since the government will be free to submit additional evidence that Hunter dealt crack and not some other form of "cocaine base," *see United States v. Sumner*, 325 F.3d 884, 888-89 (7th Cir. 2003), Hunter's argument about the current state of the evidence is premature. Should this evidentiary question arise again at resentencing, the parties and the district court

must take up the question of the applicable burden of proof.  *See United States v. Gilliam*, 255 F.3d 428, 435-36 (7th Cir. 2001).  We VACATE the sentence and REMAND the case for resentencing.