**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 29, 2005[*]
Decided November 29, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-4111

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 04-CR-104-S-01 |
| FRANCIS S. MATRIOUS, *Defendant-Appellant*. | John C. Shabaz, *Judge*. |

**O R D E R**

Francis Matrious pleaded guilty to possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), and was sentenced to 200 months' imprisonment as an armed career criminal, *id.* § 924(e).  Despite stipulating in his plea agreement that the sentencing guidelines applied in their entirety and consenting to judicial factfinding by a preponderance of the evidence, Matrious now argues that he should be resentenced on the ground that the district court believed it was bound by the

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

sentencing guidelines.  *See United States v. Booker*, 125 S. Ct. 738 (2005); *United States v. Schlifer*, 403 F.3d 849, 854 (7th Cir. 2005).

Matrious's argument is frivolous for several reasons.  First, he did not make a *Booker*-type objection in the district court even though he was sentenced after the release of *Blakely v. Washington,* 542 U.S. 296 (2004), and *United States v. Booker,* 375 F.3d 508 (7th Cir. 2004), *judgment aff'd and remanded,* 125 S. Ct. 738 (2005). At best, then, Matrious would be entitled to a limited remand under the plain-error analysis set forth in *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), not a full resentencing.  But even a limited remand is unnecessary because we already know that Matrious was not prejudiced by the mandatory application of the guidelines.  As the judgment of conviction reflects, the district court would have imposed an identical sentence were it not bound by the guidelines.

More importantly, Matrious did not just forfeit his *Booker* argument but instead waived altogether the right to challenge the use of the guidelines.  He agreed in his plea contract that the guidelines were "applicable in their entirety." Part of the guidelines as they stood when he was sentenced in November 2004 was the statute requiring their mandatory application.  *See* 18 U.S.C. § 3553(b)(1).  And having been duly warned that the district court read *Blakely* to preclude it from making "determinations increasing the sentence . . . by a preponderance of the evidence," Matrious also consented to judicial factfinding by a preponderance of the evidence.  Matrious is bound by the concessions he made in his plea agreement and has waived any right to benefit from subsequent changes in the law.  *See United State v. Berheide*, 421 F.3d 538, 542 (7th Cir. 2005); *United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005).

AFFIRMED.