# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 05-1110

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

CHARLES B. GOKEY,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 04 CR 115—**John C. Shabaz**, *Judge.*

_____

ARGUED SEPTEMBER 20, 2005—DECIDED FEBRUARY 6, 2006

_____

Before EASTERBROOK, MANION, and SYKES, *Circuit Judges.*

MANION, *Circuit Judge.* Charles B. Gokey pleaded guilty to distributing cocaine base. At sentencing, which occurred after this court's decision in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), but before the Supreme Court issued its decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), the district court concluded that the sentencing guidelines could not be constitutionally applied to Gokey. The district court then disregarded the Guidelines

and instead sentenced Gokey to 235 months' imprisonment based on the statutory range. The district court also entered an alternative sentence, ruling that if the Supreme Court upheld the Guidelines, it would sentence Gokey to 210 months in prison—the highest sentence available under the calculated Guideline range. Gokey appeals, arguing that he must be resentenced because, under *Booker*, the Guidelines are still advisory, and therefore the district court erred in disregarding the Guidelines entirely. We agree and therefore remand for resentencing.

## I.

Gokey has been in trouble with the law since he was fourteen, and his criminal history includes the offenses of burglary, attempted homicide, and the use of a dangerous weapon. He has also been associated with the Latin Kings gang since he was fifteen. This case stems from Gokey's latest offense—distribution of cocaine base in and around the Lac Courte Oreilles Reservation in Sawyer County, Wisconsin. Following a long-term drug investigation of the distribution of cocaine base at the Lac Courte Oreilles Reservation, a grand jury indicted Gokey for distribution of cocaine base on April 8, 2004. On that date, a confidential informant purchased six individually wrapped pieces of crack cocaine for $300 from Gokey.

On October 18, 2004, Gokey pleaded guilty to the April 8, 2004, distribution count. The government prepared and filed a Pre-Sentence Report ("PSR") on November 29, 2004. The PSR detailed grand jury testimony establishing that Gokey had distributed crack on several other occasions, and attributed 71.364 grams of crack to Gokey. The PSR also recommended enhancements for Gokey's role in the offense

and his use of a minor in the offense, but recommended a three-level reduction for acceptance of responsibility.

The sentencing hearing took place on January 7, 2005. At that time, this court had already decided *Booker*, but the Supreme Court had not yet issued its decision in *Booker*. Based on this court's decision in *Booker*, the government posited that the district court could not constitutionally assess upward adjustments based on the total drug quantity or based on Gokey's role in the offense or use of a minor because Gokey had not admitted to those adjustments, nor had they been proven beyond a reasonable doubt to a jury.

Relying on our decision in *Booker*, the district court concluded that the Guidelines were not severable and therefore concluded that it could not constitutionally apply the Guidelines to Gokey. Instead, the district court imposed a sentence consistent with the provisions of 18 U.S.C. § 3553. Specifically, the district court sentenced Gokey to 235 months in prison, finding that Gokey was a candidate for recidivism, and that this sentence is "appropriate to achieve the sentencing objectives of punishment, rehabilitation, deterrence and protection of the community."

However, the district court also entered an alternative sentence of 210 months' imprisonment under the Guidelines. In setting this alternative sentence, the district court considered the PSR and Gokey's objections to certain enhancements. The district court concluded that Gokey's offense conduct involved at least 50 grams of cocaine base, placing him at offense level 32. The district court denied Gokey a reduction for acceptance of responsibility, but rejected the government's request for an increase in Gokey's offense level based on a supervisory role in the offense or his use of a minor. This resulted in a range of 168-210 months under the Guidelines, with the district court sentencing Gokey, alternatively, to the maximum.

Following his sentence, the Supreme Court issued its decision in *Booker*, holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S.Ct. at 756. In *Booker*, the Supreme Court also invalidated the mandatory application of the Guidelines, holding that district courts are obligated to consider the Guidelines but are not bound by them. *Id.* at 767. Gokey appeals, arguing that his 235-month sentence must be vacated based on *Booker*.

## II.

On appeal, Gokey argues that his 235-month sentence must be vacated and this case remanded for resentencing in light of *Booker*. Specifically, Gokey argues that the district court erred by sentencing him as though the Sentencing Guidelines were defunct, as opposed to advisory. Because Gokey presented a *Booker*-type objection in the district court, our review is plenary. *See United States v. Macedo*, 406 F.3d 778, 788 (7th Cir. 2005).

Gokey is correct. As the Supreme Court explained in *Booker*, "the guidelines 'must' still be 'consult[ed]' and 'take[n] into account when sentencing.'" *United States v. Alburay*, 415 F.3d 782, 786 (7th Cir. 2005) (quoting *Booker*, 125 S.Ct. at 767). *See also United States v. George,* 403 F.3d 470, 472-73 (7th Cir. 2005) (holding that the district court erred in failing to consider the Guidelines, but that the error was harmless). More specifically, "[t]he Supreme Court's decision in *Booker* requires the sentencing judge first to compute the guidelines sentence just as he would have done before *Booker*, and then because the Court demoted the

guidelines from mandatory to advisory status—to decide whether the guidelines' sentence is the correct sentence to give the particular defendant." *United States v. Dean*, 414 F.3d 725, 727 (7th Cir. 2005).

The government admits that the district court erred in treating the Guidelines as defunct, as opposed to advisory, but argues that any error in sentencing him to 235 months was harmless. In support of its position, the government cites *George*, 403 F.3d 470. In *George*, the district court incorrectly proceeded as if the Guidelines were defunct and sentenced the defendant as if it had the discretion to sentence the defendant to any term within the statutory limit of zero to sixty months. *Id.* at 472. The district court in *George* then sentenced the defendant to forty-eight months in prison. *Id.* On appeal, this court held that the district court's error in treating the Guidelines as defunct (as opposed to advisory) was harmless. *Id.* at 473. Specifically, we reasoned that because, under the Guidelines, George's sentencing range was 63 to 78 months, had the district court "known that the Guidelines continue to have substantial sway, he might have imposed a sentence closer to 60 months." *Id.* However, as we explained, "it is inconceivable that anticipation of the ongoing need to start from and respect the Guideline framework would have led to a lower sentence . . . ." Accordingly, we held that "[a]ny error therefore was harmless." *Id.*

Unlike *George*, in which the Guideline range dictated a higher sentence than the one imposed, in this case the district court's discretionary sentence exceeded the Guideline range. Therefore, we cannot say that the district court's failure to treat the Guidelines as defunct constituted harmless error.

In response, the government argues that any error was also harmless because the record shows that "[w]hile the district court did not specifically state that it was using the Guidelines as advisory, it is clear that the district court did just that." The government then notes that the district court rejected a reduction for acceptance of responsibility and eliminated an enhancement for the role in the offense and the use of a minor. Contrary to the government's position, the sentencing transcript does not support its view that the district court took into account the Guidelines in sentencing Gokey to 235 months' imprisonment. Rather, the sentencing transcript shows that the district court proceeded under two distinct assumptions: First, the district court stated that "the guidelines are not constitutional," and that it would therefore "impose a sentence consistent with the provisions set forth in 18 United States Code Section 3553, the appropriate sentence within the statutory limits as the count of conviction." The district court then proceeded to discuss the various factors set forth in § 3553. Significantly, though, in justifying its 235-month sentence, the district court did not discuss the Guidelines. Rather, the district court only considered the Guidelines after noting that "[i]n the event that the United States sentencing guidelines are ruled constitutional, the Court now imposes an alternative sentence that relies upon those guidelines . . . ." It was in this portion of the sentencing hearing that the district court considered the various objections to the PSR.

Moreover, in sentencing Gokey alternatively under the Guidelines, the district court noted that it normally imposed identical sentences with or without the Guidelines, but that it would not do so in this case because the Guideline range limited the maximum sentence to 210 months. Instead, as noted above, the district court entered two distinct sentences—235 months without the Guidelines and 210 under the Guidelines. What the district court did not do, however,

was to explain whether it would have sentenced Gokey at 235 months if the Guidelines were advisory.

It may well be that the district court would have sentenced Gokey to 235 months in prison (as opposed to sentencing him within the 168-210 range) had it known that the Guidelines were advisory and not defunct. However, " 'we require a higher degree of certainty' for a conclusion that the guideline misapplication was harmless." *United States v. Graves*, 418 F.3d 739, 746 (7th Cir. 2005) (quoting *United States v. Schlifer*, 403 F.3d 849, 854 (7th Cir. 2005). *Cf. Graves*, 418 F.3d at 746 (remanding for resentencing where we could "find no evidence in the record proving conclusively that the district court would have chosen the exact same sentence for [the defendant] had he known that the guidelines were merely advisory"). In this case, there is no basis to know how the district court would have proceeded had it known the Guidelines were advisory. Therefore, we must vacate Gokey's sentence and remand for resentencing under the framework established in *Booker*. We also remind the district court that although "a sentence within a properly calculated guideline range 'is entitled to a rebuttable presumption of reasonableness,' *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), '[t]he farther the judge's sentence departs from the guidelines sentence . . . the more compelling the justification based on factors in section 3553(a) that the judge must offer in order to enable the court of appeals to assess the reasonableness of the sentence imposed.' *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005)." *United States v. Castro-Juarez*, 425 F.3d 430, 433 (7th Cir. 2005).

## III.

The district court erred in sentencing Gokey as if the Guidelines were defunct, as opposed to advisory. Although

the district court may still find a 235-month sentence appropriate, on this record, we cannot conclusively say that the district court would have assessed that sentence had it known that the Guidelines remained advisory. Accordingly, we cannot conclude that the error was harmless. We therefore VACATE Gokey's sentence and REMAND for resentencing in light of *Booker*.

A true Copy:

      Teste:

 

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*