UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 4, 2006
Decided May 12, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-1400

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 03 CR 251-3 |
| PIOTR KRASINSKI, *Defendant-Appellant.* | John W. Darrah, *Judge.* |

**ORDER**

Piotr Krasinski was sentenced before the Supreme Court decided *United States v. Booker,* 543 U.S. 220 (2005), under the mandatory guidelines regime, but the court did not enter the sentence until after *Booker* issued. Because Krasinski preserved his *Booker* objection and because he did not have an opportunity to argue that his sentence was unreasonable in light of the sentencing factors listed in 18 U.S.C. § 3553(a), we vacate and remand for a full resentencing.

Krasinski pleaded guilty to conspiracy to distribute MDMA or Ecstacy in violation of 21 U.S.C. § 846, and conspiracy to launder money in violation of 18 U.S.C. § 1956(h). Based on a total offense level of 40 and a criminal history category of I, the presentence report (PSR) recommended a sentencing range from 292 to 365 months. Krasinski's objections to the PSR included the contention that

*Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), required all facts supporting a sentence to be found by a jury and proven beyond a reasonable doubt. After rejecting Krasinski's PSR objections, the district court sentenced him to 292 months' imprisonment, the lowest sentence permissible under the guidelines. Alternatively, "in the event that the sentencing guidelines are determined to be unconstitutional," the court sentenced Krasinski to 20 years on both counts to run concurrently. The district court stayed the entry of the judgment because Krasinski indicated during the sentencing hearing that he was inclined to withdraw his guilty plea. After Krasinski moved to withdraw his plea, and the court extended the stay of judgment pending a decision on the withdrawal motion. The district court denied Krasinski's motion to withdraw his plea in January 2005, and the October 2004 judgment—sentencing Krasinski to 292 months' imprisonment—was entered on February 3, 2005. Although the judgment was entered after the Supreme Court decided *Booker*, the district court did not seek further briefing, hold a hearing, or even acknowledge the *Booker* decision.

Krasinski argues that the district court committed error by sentencing him under the mandatory guidelines regime, and, because he preserved his *Booker* objection and the district court indicated that it would have imposed a lower sentence in the event that the guidelines were found unconstitutional, asks that we remand his case for a full resentencing. The government concedes Krasinski preserved his *Booker* objection in the district court. Accordingly, the case must be remanded for resentencing unless the government can demonstrate that the district court's error did not result in a higher sentence. *United States v. Schlifer*, 403 F.3d 849, 854 (7th Cir. 2005). The government has not met its burden of proving harmless error. On the contrary, the record affirmatively establishes harm. The government concedes this point, noting that the court did not explain why it imposed the 292-month sentence previously selected under the mandatory guidelines and not the lesser 20-year alternative sentence.

Despite its concession, the government insists that if resentencing is necessary, than a limited remand under *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), is proper. But because Krasinski was not given the "opportunity to draw the judge's attention to any factor listed in section 3553(a) that might warrant a sentence different from the guidelines sentence," which is required post-*Booker, United States v. Rodriguez-Alvarez*, 425 F.3d 1041, 1046 (7th Cir. 2005) (quoting *United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005)), a full *Schlifer* resentencing is appropriate. To the extent that the government argues that the district court sufficiently considered the § 3553(a) sentencing factors when it addressed Krasinski's departure motions, we have rejected any contention that pre-*Booker* departure considerations are an adequate substitute for post-*Booker* discretionary decisions considering § 3553(a) factors. *United States v. Castro-Juarez*, 425 F.3d 430, 436 (7th Cir. 2005).

For the foregoing reasons, we VACATE the sentence and REMAND the case for full resentencing.