**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Brent E. MERRITT, Defendant–
Appellant.**

No. 02–4211.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 8, 2005.

Decided Sept. 7, 2005.

Joe Vaughn, Office of the United States Attorney, Indianapolis, IN, for Plaintiff–Appellee.

Stephen M. Komie, Komie & Associates, Chicago, IL, for Defendant–Appellant.

Before Hon. RICHARD A. POSNER, Hon. MICHAEL S. KANNE, and Hon. ANN CLAIRE WILLIAMS, Circuit Judges.

### ORDER

On March 22, 2004, we issued an opinion affirming Brent Merritt's conviction and sentence for possession of firearms and ammunition by a felon under 18 U.S.C. § 922(g)(1). The Supreme Court, on January 24, 2005, vacated the judgment in this case and remanded it to us for further consideration in light of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Both the government and Merritt submitted statements of position pursuant to Circuit Rule 54. The government requested a limited remand and Merritt requested resentencing limited to facts "proven beyond a reasonable doubt to his jury." On May 3, 2005, we ordered a limited remand of his sentence to allow the district court to determine

whether it would have imposed the same sentence had it known that the sentencing guidelines were merely advisory. *See United States v. Paladino*, 401 F.3d 471 (7th Cir.2005). On July 20, 2005, the district court's "Entry Subsequent to Limited Remand" was filed with this court together with a transcript of the hearing before the district court and its findings. On return of the case to this court, the government and Merritt filed arguments concerning the appropriate disposition in light of the district court's response to the limited remand.

■ Merritt contends in his argument that we erred in ordering the *Paladino* remand because his sentence should have been reviewed under the harmless error standard, and *Paladino* addresses cases that are reviewed for plain error. Merritt did raise *Apprendi* arguments during his trial, which preserved the *Blakely/Booker* arguments for appeal. *See United States v. Schlifer*, 403 F.3d 849, 853 (7th Cir. 2005). Therefore, Merritt is correct that harmless error, not plain error, was the appropriate standard. Nevertheless, Judge Tinder's thorough analysis and findings have rectified our mistake.

In accordance with instructions given by the court, the jury returned a verdict that Merritt possessed at least one of the 74 firearms listed in count one of the indictment. Merritt's main argument is that *Booker* and its progeny require all factual determinations in sentencing—in this case, the number of firearms possessed—to be determined beyond a reasonable doubt. Merritt claims, therefore, that he should be sentenced based only on the possession of one firearm as found by the jury, and the other 73 should not be considered in calculating his sentence.

■ But that is not the law of this circuit. We have found that the *Booker* line of cases "does not foreclose judicial fact-

finding in the sentencing context, nor do [the cases] dictate that judges must find those facts beyond a reasonable doubt." *United States v. Bryant*, 420 F.3d 652, 655–56 (7th Cir.2005) (citations omitted). This is true because "[w]ith the guidelines now merely advisory, factfindings that determine the guidelines sentence do not determine the actual sentence, because the sentencing judge is not required to impose the guidelines sentence...." *United States v. Dean*, 414 F.3d 725, 730 (7th Cir.2005). Thus, Merritt is not entitled to a resentencing based solely on jury found facts. The district court was entitled to consider all 74 firearms in calculating his sentence, notwithstanding that Merritt's possession of 73 of them was found by the sentencing judge by a preponderance of the evidence.

■ The district court did sentence Merritt under the mandatory guidelines scheme that was struck down by *Booker*. And although the *Paladino* limited remand was imposed in error, the district court replied to our inquiry by stating that even treating the guidelines as advisory, and considering the factors listed in 18 U.S.C. § 3553(a), it would impose the same sentence. We find that there is no reason to now remand this case to the district court for resentencing. We are convinced that Merritt could not benefit by such a remand.

■ However, Merritt also asks for a full sentencing remand so that he can further address the § 3553(a) factors. But after reviewing the transcripts, we find that Judge Tinder quite adequately considered the § 3553(a) factors both in imposing the 108 month sentence and in reconsidering it on limited remand. During the limited remand hearing, Judge Tinder stated that there had been no limitation placed on the type of § 3553(a) information that

could have been presented by Merritt at the original sentencing or on limited remand. He further stated:

> I would also note that, though this was not a resentencing hearing, there was no particular aspect of Section 3553(a) that was highlighted to show that there is some additional evidence that was not presented at what I think was a pretty wide range sentencing hearing in November of 2002. There's really no indication there was other evidence about the defendant's health, the circumstances of the offense, his prior history, or any of the other factors that would be relevant, that was not addressed through evidence or argument at that sentencing that would be presented now that would cause me to reach a different result.

Judge Tinder observed that Merritt possessed a large quantity of firearms and "has shown a strange interest in what I'll call 'the [bizarre] fringes of law enforcement[.]'" He "has shown a history of flouting the law, disregarding its requirements and, yet, trying to sort of play on the fringe of it ... and shows a very high potential for recidivism...." Merritt "in no way accepted responsibility for his involvement in this offense[,]" and actually made efforts to deceive the court. The court also pointed out that "with respect to that gun collection, that wasn't put together in a day or a week or a month. It was obvious that it was something that was developed over a long history of obsession or fascination that this defendant had with these weapons." The court concluded that:

> [I]t would require a substantial sentence of incarceration to deter his conduct specifically, and to show some general deterrence, and reflect the seriousness of the offense, and promote respect for the law and provide just punishment....

All of those things that are relevant under paragraphs 1 and 2 of Section 3553, on balance, would weigh toward giving a substantial sentence of incarceration. The positive aspects of his character that I've noted would restrain me from giving the maximum sentence and suggest, while he has played outside the law for a long time, he certainly has the wherewithal and the potential to become a productive citizen again, and because of that I would not choose to impose the maximum sentence, but nonetheless a substantial sentence.

Thus, "[i]f I were to sentence Mr. Merritt again, he would receive the identical sentence that I gave him before; that is, a period of incarceration of 108 months; followed by a period of supervised release of three years; with a fine ... [of] $37,500; and, a special assessment of $100."

From this discussion, it is clear that Merritt's sentence would not be decreased if he were granted a full sentencing remand. There would be nothing gained by asking Judge Tinder for a third time what Merritt's sentence should be. Because, as we have indicated, Judge Tinder was free to take into consideration all the firearms possessed by Merritt, we have absolutely no doubt that Merritt's sentence would be 108 months. There is no need for another remand.

■ The district court having indicated that a discretionary sentence in this case would be identical to the sentence originally imposed, we now review that sentence for reasonableness. Cf. *Booker*, 125 S.Ct. at 765. Merritt's base offense level was 20. Six levels were added because the offense involved more than 25 firearms (74 firearms, to be exact), and two more levels were added because Merritt obstructed justice. With a criminal history category of III, the guidelines range was 97–120 months. The court sentenced Merritt to

108 months' imprisonment. We find that the court's calculations were correct.

This court has found that "any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir.2005). "The defendant can rebut this presumption only by demonstrating that his or her sentence is unreasonable when measured against the factors set forth" in 18 U.S.C. § 3553(a). *Id.*

"Judges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less." *United States v. George*, 403 F.3d 470, 472–73 (7th Cir. 2005). Judge Tinder's extensive findings far exceed the exposition necessary to support the sentence imposed. Merritt has not presented evidence sufficient to rebut the presumption that his sentence, which was within the properly calculated guidelines range, was reasonable when imposed. Therefore, we find that Merritt's sentence is reasonable.

We AFFIRM Merritt's sentence.